TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0503-KB

KENTUCKY BAR ASSOCIATION                                      MOVANT


V.                              IN SUPREME COURT


CHARLES EDWIN JOHNSON                                   RESPONDENT


## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to indefinitely suspend Charles Edwin Johnson from the practice of law pursuant to Supreme Court Rule (SCR) 3.380(2) for failure to answer KBA charges. Johnson's KBA membership number is 94240. He has been licensed to practice law in the Commonwealth of Kentucky since October 21, 2011. After review, we hereby indefinitely suspend Johnson pursuant to SCR 3.380(2).

## BACKGROUND

The KBA's motion for suspension arises out of three separate cases. We will discuss each in turn.

### A. KBA File 19-DIS-0239

On July 15, 2014, William C. Adams signed a representation agreement with The Law Offices of Johnson Crump for representation "regarding an Estate Probate Dispute and the attempt to make contact with entities regarding

the VA benefits of client's father." Adams agreed to pay Johnson one-third of any judgment or settlement.

In October 2015, Johnson entered his appearance in *Estate of Hiram Adams, et al. v. JPMorgan Chase Bank, N.A., et al.*, Fayette Circuit Court Case Number 15-CI-03176, as co-counsel with his now former law partner, Crump. On May 2, 2016, Johnson entered his appearance in *Estate of Hiram W. Adams*, Fayette District Court, Probate Division, Case Number 12-P-00308. In May 2016, Johnson and Crump dissolved their firm. Adams continued with Johnson as his attorney, but the communication between the two began to break down.

In both March and July 2016, Adams sent certified letters to Johnson from his home address in Ellijay, Georgia. Adams again sent a certified letter to Johnson in September 2018 requesting an update on the case. Johnson signed the return receipt for the letter on or around September 15, 2018, but did not contact Adams. In November 2018, Adams sent another certified letter to Johnson. Johnson personally signed the return receipt on November 15, 2018, but again did not contact Adams.

On February 6, 2019, the Fayette Circuit Court filed a CR[1] 77.02(2) Notice to Dismiss for Lack of Prosecution in the case in that court. JPMorgan Chase Bank filed a combined response to the Notice and a Motion to Dismiss on March 15, 2019. The response noted that the plaintiffs had not taken any

[1] Rules of Civil Procedure.

action on their claim in sixteen months. Johnson did not inform Adams of these filings or file a response on behalf of Adams. On April 1, 2019, the Fayette Circuit Court entered an Order Dismissing for Lack of Prosecution.

On July 29, 2019, Johnson filed a Motion to Withdraw in the probate case in Fayette District Court. The motion stated that Johnson had not been able to contact Adams for over ten months, that he was not involved in the probate proceedings, and that he had no files or paperwork related to the probate matter. The motion also stated that the circuit court case had been dismissed due to no contact from Adams. The certificate of service in the motion included Adams's former address in Cumming, Georgia, despite Johnson being on notice of Adams's correct address in Ellijay, Georgia for almost three years. The Fayette District Court granted the motion on August 23, 2019. During the representation, Adams had provided Johnson with multiple boxes of original documents that Johnson did not return after withdrawing from the case.

Based on this conduct, KBA's Inquiry Commission issued a charge against Johnson for violations of SCR[2] 3.130(1.4)(a)(3) for failing to keep Adams reasonably informed, SCR 3.130(1.4)(a)(4) for failing to promptly comply with requests for information, SCR 3.130(1.16)(d) for failing to return file materials and to notify Adams of his withdrawal, SCR 3.130(3.3)(a)(1) for knowingly making a false statement of fact to a tribunal, and SCR 3.130(8.1)(b) for failing

---

[2] Supreme Court Rules.

3

to respond to the Bar Complaint. Johnson was personally served with the Bar Complaint by the Scott County Sheriff's Office on January 14, 2020. He was personally served with the Charge by the Scott County Sheriff's Office on September 9, 2020. Johnson failed to respond to either notice.

## B. KBA File 20-DIS-0033

On July 3, 2017, Judith Clarke, in her capacity as executrix of her mother's estate, hired Johnson to assist with probate. She paid him $2,200. On July 6, 2017, Johnson filed initial documents and appeared in *Estate of Virginia Raynor Clarke*, Fayette District Court, Probate Division, Case Number 17-P-00856. On September 7, 2017, the district court issued a Notice of Failure to File Inventory, but Johnson took no action in response to the notice.

Clarke met with Johnson in early 2018 after selling her mother's home. She asked him to prepare a contract concerning a debt between beneficiaries. During the meeting, Johnson assured Clarke that there was no need to close the estate and that it could remain open indefinitely. Johnson did not prepare the requested contract, and Clarke was unable to contact him after that meeting.

Clarke attempted to contact Johnson by telephone, text message, Facebook message, and by leaving notes at his office. She left voicemail messages but eventually received an automated response that the phone could no longer accept messages. Clarke eventually obtained a new address for Johnson, and in October 2018 sent a certified letter to him. The letter was returned, unclaimed, in February 2019.

4

On July 9, 2019, the Fayette District Court issued a second Notice of Failure to File Inventory, followed by a final Notice on August 12, 2019. Johnson did not respond to these notices or contact Clarke. On September 13, 2019, the district court issued a show cause summons to both Clarke and Johnson to appear in Court on October 10, 2019.

Clarke hired another attorney who entered the case and appeared before the court for her in October 2019. Johnson also appeared in court and stated that he had been trying to contact Clarke without success. Clarke's new counsel closed the estate in January 2020, and Clarke filed a bar complaint thereafter.

Based on this conduct, the Inquiry Commission issued a charge against Johnson for violations of SCR 3.130(1.3) for failing to act with diligence, SCR 3.130(1.4)(a)(4) for failing to promptly comply with requests for information, SCR 3.130(1.16)(d) for failing to complete the representation and return the unearned fee, and SCR 3.130(8.1)(b) for failing to respond to the Bar Complaint. Johnson was personally served with the Bar Complaint by the Scott County Sheriff's Office on March 16, 2020. He was personally served with the Charge by the Scott County Sheriff's Office on September 9, 2020. He did not respond to either.

### C. KBA File 20-DIS-0041

In May 2019, Ronald Lasher hired Johnson to assist with estate planning, including drafting a First-Party Special Needs Trust for the benefit of his daughter. Lasher paid Johnson a total of $3,000. Throughout June, July,

5

August, and September 2019 Lasher had contact with Johnson. This contact was primarily through text message.

Lasher scheduled an appointment to meet with Johnson on October 11, 2019, to get the documents Johnson had prepared. Johnson cancelled this appointment due to illness and rescheduled for October 15, 2019. On that date, Johnson sent a text message to Lasher cancelling the appointment due to an emergency. Johnson told Lasher he had notarized the documents, "had witnesses" on them, and would mail them to Lasher. Lasher contacted Johnson when the documents did not arrive. On October 21, 2019, Johnson told Lasher the documents had been returned to him because he had used the wrong zip code and that he would mail them again. When the documents again did not arrive, Lasher contacted Johnson. Johnson told Lasher he was in trial but would drop the documents off at Lasher's home if Lasher had not received them by October 26.

Lasher contacted Johnson on October 26. Johnson told Lasher that he was moving his parents into an apartment but would try to deliver the documents. On October 27, Lasher asked Johnson if he could pick up the documents at Lasher's office the following day. Johnson told Lasher he would send Lasher a text message when he arrived at his office the next day around 2:00 p.m. The next day, at 12:44 p.m., Johnson sent Lasher a text message that he left the documents in a mailbox outside of his office but that he could not meet with Lasher because his son had been in an accident and was in intensive care.

When Lasher reviewed the documents Johnson had prepared, he found several errors. He found spelling errors, as well as incorrect information. The documents named a minor as executor, named a person Lasher did not know in the will, and referred to a joint trust when the trust was not joint. Additionally, Johnson drafted a Third-Party Special Needs Trust instead of the First-Party Special Needs Trust Lasher had requested. Johnson signed at least one of the documents as a witness and notarized the documents without Lasher's signature. Because of the numerous errors, Lasher could not use the documents. Lasher subsequently filed a Bar Complaint against Johnson.

Based on this conduct, the Inquiry Commission issued a charge against Johnson for violations of SCR 3.130(1.1) for failing to provide competent representation, SCR 3.130(1.3) for filing to act with diligence, SCR 3.130(1.4)(a)(2) for failing to reasonably consult with Lasher, SCR 3.130(1.5)(a) for collecting an unreasonable fee, and SCR 3.130(8.1)(b) for failing to respond to the Bar Complaint. Johnson was personally served with the Bar Complaint by the Scott County Sheriff's Office on March 16, 2020. He was personally served with the Charge by the Scott County Sheriff's Office on September 9, 2020. He did not respond to either.

Johnson has failed to respond in each of the three above-discussed cases, warranting indefinite suspension under SCR 3.380(2).

For the foregoing reasons, it is hereby ORDERED:

1. Pursuant to SCR 3.380(2), Charles Edwin Johnson is hereby suspended indefinitely from the practice of law in the Commonwealth of Kentucky.

2. As required by SCR 3.390, Johnson shall, within ten (10) days after the issuance of this order of suspension, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending of his suspension. Further, he will inform all of his clients, by mail, of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Johnson shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Johnson shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Johnson is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees and shall comply with the provisions of SCR 3.130-7.50(5).

All sitting. All concur.

ENTERED: December 17, 2020.

_____
CHIEF JUSTICE MINTON